| |
|---|
| **453 Cent. Park W. Tenant Assoc. v Park Front Apts., LLC** |
| 2025 NY Slip Op 32214(U) |
| June 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 452296/2016 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. MARY V. ROSADO** | **PART** **33M** |
| *Justice* | |

-----------------------------------------------------------------------X

435 CENTRAL PARK WEST TENANT ASSOCIATION,
YASUTO TAGA, LYDIA BAEZ, CESAR PENA, JORGE
MARTINEZ, MARTHA ARIF, JOY HARRIS, ALTON SWIFT,
JENNIE MORTON-GARCIA, MARTHA ADAMS, ALLADIN
WALTERS, VICTORIA FRASIER, JOSE REGALADO,
JUAN HUNTT, CHRISTINE BARROW, GEORGE PARKER,
BJORG JEAN-PIERRE, MARIA CRUZ, HIRAM CHAPMAN

**INDEX NO.** 452296/2016

**MOTION DATE** 04/10/2025

**MOTION SEQ. NO.** 008

Plaintiff,

- v -

PARK FRONT APARTMENTS, LLC,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 008) 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374
were read on this motion to/for                    PARTIAL SUMMARY JUDGMENT                    .

Upon the foregoing documents, and after a final submission date of April 28, 2025, Defendant Park Front Apartments, LLC's ("Owner") motion for partial summary judgment dismissing the fraud claims of Plaintiffs Yasuto Taga, Lydia Baez, Cesar Pena, Alton Swift, and Jose Regalado (collectively the "Subject Tenants") is denied.

## I.    Background

In this near decade long rent-overcharge lawsuit, Owner seeks leave to renew the First Department's Decision in *435 Central Park West Tenant Association v. Park Front Apartments, LLC*, 183 A.D.3d 509 (1st Dept 2020). Owner had previously sought leave to renew in motion sequence 006, which this Court denied in a Decision and Order dated February 26, 2024 (the "February 2024 Order") based on the argument that it would be improper for this Court to renew and modify a prior Decision and Order of the First Department (NYSCEF Doc. 343). Owner

[* 1]

appealed, and the First Department, in *435 Central Park West Tenant Association v. Park Front Apartments, LLC*, 235 A.D.3d 568 (1st Dept 2025) modified this Court's February 2024 order to grant leave to renew and remanded the matter to this Court with the instruction to consider Owner's substantive arguments upon renewal. Owner argues that pursuant to Court of Appeals case law, the four-year lookback period for purposes of determining the base date rent can only be pierced in cases involving a fraudulent scheme to deregulate, while here Owner argues the Subject Tenants have only alleged a fraudulent scheme to overcharge rent.

During the pendency of the appeal, the New York State Legislature amended Chapter 95 of the Rent Stabilization Law (*see* L. 2024, ch. 95). Owner argues that this amendment provides that the four-year lookback period may only be pierced where the owner engaged in a "fraudulent scheme to deregulate the unit." The Subject Tenants argue that the legislative history of the amendment and subsequent precedent show that the Legislature never intended to restrict tenant protections in rent stabilization disputes to only fraudulent schemes to deregulate but sought to expand them to fraud on the rent regulatory system as a whole, and that the amendment was a reaction to case law which limited relief to tenants.

## II. Discussion

As a preliminary matter, Owner's argument that Chapter 95 of the Rent Stabilization Law makes clear that the four-year lookback period may only be pierced when there is an alleged fraudulent scheme to deregulate, as opposed to an alleged fraudulent scheme to overcharge, is belied by precedent and the legislative history. The Court of Appeals, in a decision post-dating the passage of Chapter 95 of the Rent Stabilization Law, makes clear that the fraud exception to the four-year lookback period applies where there are sufficient indicia of a "fraudulent scheme to evade the protections of the rent stabilization law" (*Burrows v 75-25 153rd Street, LLC*, — NE3d

452296/2016   435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC   Page 2 of 4
Motion No.  008

[* 2]                                                    2 of 4

—, 2025 Slip Op 01669 at *3 [2025]). The First Department, in considering the newly enacted amendment, likewise found the amendments were implemented to "penalize fraud against the rent regulatory system itself, as well as against individual tenants" and that simply because an apartment has not yet been deregulated "does not overcome the fraudulent nature of the scheme" (*see Reichenbach v Jacin Investors Corp.*, 237 AD3d 446, 449 [1st Dept 2025] citing *435 Cent. Park W. Tenant Assn. v Park Front Apts., LLC*, 183 AD3d 509, 510-11 [1st Dept 2020]). Therefore, Owner's argument for partial summary judgment based on the purported scheme to deregulate/scheme to overcharge distinction is denied.

Because the recently enacted amendment does not foreclose piercing the four-year lookback period where a tenant has alleged a fraudulent scheme to overcharge, the remainder of Owner's arguments are barred by the law of the case doctrine (*see Rossi v Doka USA, Ltd.*, 235 AD3d 481, 482 [1st Dept 2025] [determination in a prior appeal constitutes the law of the case]). The First Department has already ruled that based on an earlier summary judgment motion, the Subject Tenants submitted sufficient evidence to raise an issue of fact of "whether defendant tampered with a recertification process…and pressured and misled tenants, for the purpose of improperly raising rents" (*435 Cent. Park W. Tenant Assn., supra* at 510). On remand, the sole issue for this Court to determine was whether the 2024 amendment to the Rent Stabilization Law barred the Subject Tenants from piercing the four-year lookback period. As this Court, as well as the Court of Appeals and the First Department, all find the Subject Tenants are not barred, Owner is not permitted to relitigate other issues, including whether the Subject Tenants sufficiently set forth the requisite indicia of fraud to pierce the four-year lookback period.

452296/2016  435 CENTRAL PARK WEST TENANT vs. PARK FRONT APARTMENTS, LLC          Page 3 of 4
Motion No.  008

3 of 4

[* 3]

Accordingly, it is hereby,

ORDERED that Defendant Park Front Apartments, LLC's motion for partial summary judgment dismissing the fraud claims of Plaintiffs Yasuto Taga, Lydia Baez, Cesar Pena, Alton Swift, and Jose Regalado is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/20/2025 | | My V. Rosado JSC |
|-----------|--|------------------|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|--|---|----------------------|--|
| | | GRANTED | x DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]